UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ENZO VINCENZI,

    Plaintiff,

vs.                      CASE NO.: _____

BRIAN HOYT, Individually, and CARMINE MARCENO, in his Official Capacity as Sheriff in and for Lee County, Florida,

    Defendants.
_____/

## COMPLAINT

The Plaintiff, Enzo Vincenzi, by and through his undersigned counsel, sues the Defendants, Brian Hoyt, Individually, and Carmine Marceno, in his Official Capacity as Sheriff in and for Lee County, Florida, and alleges:

### PARTIES, JURISDICTION AND VENUE

1. That this action is brought pursuant to 42 U.S.C. §1983 and §1988 and the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is found upon 28 U.S.C. §1331 and §1341 (3) and (4) and the aforementioned constitutional and statutory provisions.

2. That the Plaintiff is and was at all times relevant and material herein a citizen of the United States and resides in Fort Myers, Lee County, Florida.

3. That the Defendant, Carmine Marceno, at all times relevant and material herein is and was acting in his official capacity as Sheriff in and for Lee County, Florida.

4. That Brian Hoyt, individually, at all times relevant and material herein was a duly appointed deputy police officer employed by Defendant, Carmine Marceno, Lee County

Sheriff's Office.

5. That at all times mentioned herein, Brian Hoyt, individually, and all other deputies mentioned herein were acting under color of law, to wit, under the color of the statutes and regulations of the State of Florida and by policies, customs, regulations, and procedures as prescribed of the Defendant, Carmine Marceno, in his official capacity as Sheriff in and for Lee County, Florida.

## STATEMENT OF FACTS

6. That on or about June 10, 2019, Defendant, Brian Hoyt, was dispatched to investigate a possible suicide subject in the area of North Tamiami Trail and Bayshore Road. Deputy Hoyt arrived at Sable Park Inn, 1652 North Tamiami Trail, Fort Myers, Florida, around 8:30 pm, got out of the police vehicle, walked toward Plaintiff's fenced in real property, and made the first contact with the Plaintiff who owns the real property.

7. That Deputy Hoyt told the Plaintiff he was looking for a dog. Plaintiff, from behind the fence, advised Deputy Hoyt that he had not seen any dog and that Deputy Hoyt was on private property and that it was posted no trespassing. He also told Deputy Hoyt to leave his property immediately. At or about the same time, Deputy Hoyt was advised from the dispatcher of the Lee County Sheriff's Office that the possible suicide subject was located in a different area.

8. That Deputy Hoyt entered his car as Plaintiff was videoing him with his cell phone and began to back up the police vehicle, when the Plaintiff opened a gated fenced on his property and stepped out into the parking area. Immediately, Deputy Hoyt stopped his vehicle from going in reverse. Plaintiff walked over to the front of the vehicle and to the driver's side, about four or five feet away from the driver's side as Deputy Hoyt sat inside, and Plaintiff

again advised the Deputy that he was trespassing and had to leave his property. Deputy Hoyt exited the vehicle and removed a notebook and pen from his pocket. Deputy Hoyt placed the pen and notebook on the hood of the police vehicle as the Plaintiff started to back away. Deputy Hoyt demanded Plaintiff sign his name on the notepad and Plaintiff refused. Deputy Hoyt grabbed Plaintiff's right shoulder and escorted Plaintiff to the front of his patrol vehicle, then knocked the cell phone out of Plaintiff's hands, picked up the cell phone and flung it, and the cell phone landed on the windshield/hood of Deputy Hoyt's police car.

9. That Plaintiff explained to Deputy Hoyt that he knew his rights and that Deputy Hoyt had no right to confront him or be on his property after he was advised that he was trespassing. Deputy Hoyt attempted to handcuff Plaintiff and arrest him for obstruction of justice but Plaintiff struggled a little stating "I didn't do anything wrong." Deputy Hoyt tasered Plaintiff and called for backup to assist in an arrest of Plaintiff. Two other Lee County Sheriff's Office deputies arrived on the scene, Deputy Wincelowicz and Deputy Rojas, and all three deputies tasered the Plaintiff numerous times as Plaintiff pulled the taser wires from his body. Deputy Wincelowicz also sprayed the Plaintiff with OC two times as the Plaintiff ran away from the deputies toward the hotel rooms. Plaintiff attempted to enter one of the rooms on his property, was chased and was subdued from all the electrical shocks and OC spray. Plaintiff was handcuffed and placed in a police vehicle.

10. That at all times relevant and material herein, the Plaintiff was not violating any laws, was not attempting to interfere with Deputy Hoyt's or any other deputy's execution of police duties and was not engaged in any assaultive behavior toward the Defendant or any other police officer on the scene.

11. That the two backup police officers did not know the details for the arrest by Deputy

Hoyt, and as such, Deputy Hoyt is responsible for their conduct. After Plaintiff was arrested, Deputy Rojas removed a taser stun gun and mace from Plaintiff's pockets and both were said to be given to Deputy Hoyt at the scene. Deputy Hoyt never turned anything into evidence that was taken from the Plaintiff.

12. That the video surveillance on Plaintiff's cell phone was deleted. Unknown to all of the deputies involved in this event, Plaintiff's real property had numerous video surveillance cameras which captured most of the above mentioned event.

13. That Deputy Hoyt arrested Plaintiff for an alleged hinder of a law enforcement officer in the discharge of his official duties §843.0855(4) (a felony) and for resisting an officer with violence, F.S. §843.01 (a felony). The Assistant State Attorney filed one count against Plaintiff for resisting an officer with violence, F.S. §843.01, however, after the Assistant State Attorney reviewed the aforementioned surveillance video and Deputy's Hoyt arrest report and deposition testimony, he filed a Nolle Prosequi because video surveillance showed that Deputy Hoyt's police report and his deposition testimony under oath were false in fact, did not support the arrest whatsoever and there was no probable cause or reasonable suspicion for the seizure or arrest of the Plaintiff. The prosecution of Plaintiff has been abandoned and is wholly ended in Plaintiff's favor.

## COUNT I
**(42 U.S.C. §1983 Claim Against Defendant Hoyt for First Amendment Retaliation)**

14. That the Plaintiff repeats and realleges the allegations in paragraphs 1 thru 13 as if fully set forth herein.

15. That as set forth above, Plaintiff stated to Deputy Hoyt several times that he was trespassing, that he must leave his property and Plaintiff also refused the Deputy's order to sign his name on a notepad. Thereafter, Deputy Hoyt seized and arrested Plaintiff as set forth

herein. Deputy Hoyt's conduct would deter a person of ordinary firmness from exercising his or her First Amendment right to tell a police officer that he was trespassing, must remove himself from real property and refuse a police officer's order to sign her or his name on a notebook. Accordingly, Plaintiff suffered the adverse action by the Defendant's retaliatory conduct because Plaintiff exercised his First Amendment right of free speech, and as such, Defendant Hoyt was subjectively motivated to take adverse action against the Plaintiff because of the aforementioned protected free speech.

16. That as a direct and proximate result of the Defendant's aforementioned conduct, Plaintiff experienced pain and suffering, emotional distress, scarring, medical care and treatment, will have future medical expenses, had past legal expenses, and was deprived of his physical liberty.

17. That as a result of the Defendant's aforementioned seizure and arrest, Plaintiff was also injured by the other deputies that were instructed by Defendant Hoyt to assist him against the Plaintiff.

18. That until the criminal charges were dismissed, Plaintiff incurred expenses of attorney fees and costs caused by Deputy Hoyt's aforementioned conduct.

19. That Deputy Hoyt sized and arrested Plaintiff, violating his Fourth Amendment Constitutional right as there was no reasonable suspicion or probable cause for his actions. Accordingly, Deputy Hoyt was subjectively motivated to take adverse action against the Plaintiff because of the aforementioned protected free speech.

## COUNT II
### (42 U.S.C. §1983 Claim Against Defendant Hoyt for Excessive Use of Force)

20. That the Plaintiff repeats and realleges the allegations in paragraphs 1 thru 13 and 16 thru 18 as if fully set forth herein.

21. That Defendant's aforementioned actions as alleged above deprive the Plaintiff of the following rights under the United States Constitution:

a. Freedom from the use of excessive and unreasonable force;
b. Freedom from a depravation of liberty without due process of law; and
c. Freedom from summary punishment.

22. That Deputy Hoyt subjected Plaintiff to such deprivations by either malice or a reckless disregard of Plaintiff's rights.

### COUNT III
**(Common Law Claim for Assault and Battery against Defendant, Carmine Marceno, in his official capacity as Sheriff in and for Lee County, Florida)**

23. That Plaintiff sues the Defendant, Carmine Marceno, in his official capacity as Sheriff in and for Lee County, Florida, for a Common Law Claim of Assault and Battery.

24. Plaintiff further invokes this Court's supplemental jurisdiction to hear and decide claims arising out of Florida State Laws as set forth herein and the Plaintiff, Enzo Vincenzi, has performed all written notice conditions precedent pursuant to Florida Statutes §768.28 prior to bringing this action against the Defendant, Carmine Marceno, in his Official Capacity as Sheriff in and for Lee County, Florida, a copy of the notice is attached hereto as Composite Exhibit "A."

25. That the Plaintiff repeats and realleges the allegations in paragraphs 2 thru 13 and 16 thru 18 as if fully set forth herein.

26. That at all times material hereto, Deputy Hoyt was acting within the course and scope of his employment as a police officer by the Defendant, Carmine Marceno, in his official capacity as Sheriff in and for Lee County, Florida.

27. That the Defendant, Brian Hoyt, by and through his aforementioned conduct assaulted and battered Plaintiff and was the direct and proximate cause of other police officers on the

scene to assault and batter the Plaintiff.

## COUNT IV
**(Common Law Claim for False Arrest against Defendant, Carmine Marceno, in his official capacity as Sheriff in and for Lee County, Florida)**

28. That the Plaintiff sues the Defendant, Carmine Marceno, in his official capacity as Sheriff in and for Lee County, Florida, for a Common Law Claim for False Arrest.

29. That the Plaintiff repeats and realleges the allegations in paragraphs 2 thru 13, 16 thru 18 and 24 as if fully set forth herein.

30. That by reason of the aforementioned Deputy Hoyt's conduct, Plaintiff was falsely, unlawfully, without probable cause, and wrongfully with force and without Plaintiff's consent and against his will, arrested and imprisoned on or about June 10, 2019 and deprived of his liberty for approximately 24 hours.

31. That by reason of the aforementioned imprisonment, Plaintiff's reputation has been injured and he has been brought into public scandal, disrepute and disgrace, and has suffered emotional distress, humiliation and medical care in the past and future.

**WHEREFORE**, the Plaintiff, Enzo Vincenzi, prays for the following relief:

a. That this Court enter judgment in favor of the Plaintiff against the Defendant in Counts I thru IV;

b. That Plaintiff recover compensatory and special damages for medical expenses past and in the future against the Defendants, and in Counts I thru IV, $500,000 for compensatory damages for each cause of action, together with costs;

c. That this Court award Plaintiff reasonable attorney fees and costs for Counts I, II and IV including reasonable attorney fees and costs for the defense of an unjustified arrest without probable cause; and,

d.  That this court award the Plaintiff such other and further relief as the court deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff, Enzo Vincenzi, demands that all issues of fact be tried by jury.

_____
William M. Powell, Esquire
Florida Bar #343994
Powell, Jackman, Stevens & Ricciardi, P.A.
12381 S. Cleveland Avenue, Suite 200
Fort Myers, Florida 33907
(239) 689-1096 Phone
(239) 791-8132 Facsimile
william@lawinfo.pro
ngargano@your-advocates.org

_____
Rita Jackman, Esquire
Florida Bar #107180
Powell, Jackman, Stevens & Ricciardi, P.A.
12381 S. Cleveland Avenue, Suite 200
Fort Myers, Florida 33907
(239) 689-1096 Phone
(239) 791-8132 Facsimile
rjackman@your-advocates.org
ngargano@your-advocates.org